IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOUHAD DAGHER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Case No. CBD-14-3710 |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Washington Metropolitan Area Transit Authority ("Defendant") submits before this Court its Renewed Motion for Judgment as a Matter of Law ("the Motion"). ECF No. 58. The Court has reviewed the parties' submissions and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Renewed Motion for Judgment as a Matter of Law.

## FACTUAL AND PROCEDURAL BACKGROUND

Jouhad Dagher ("Plaintiff") initiated a civil action against Defendant on November 26, 2015, alleging that Defendant violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 ("the Rehabilitation Act"), by failing to accommodate Plaintiff's disability in the workplace and discriminating against Plaintiff based on Plaintiff's disability.[1] ECF No. 1. Plaintiff alleged that his pre-existing malignant hypertension, left ventricular hypertrophy, and chest pains were exacerbated by the "poor ventilation… poor air quality and extreme temperatures" in his office throughout the time he was employed by Defendant. Pl.'s Compl. 3. These conditions allegedly

---

[1] A third count alleged a violation of the Whistleblower Protection Act of 1989, 5 U.S.C. §§ 1201 *et seq.*, based on Defendant's termination of Plaintiff's employment. The Court dismissed said claim on April 23, 2015.

1

resulted in labored breathing and spikes in blood pressure which led to three separate hospital visits during Plaintiff's employment. *Id.* at 3–6. Plaintiff repeatedly requested to telework, acting on a recommendation from his physician and explaining that his symptoms did not flare up at home. *Id.* Defendant denied Plaintiff's requests to telework. *Id.* At trial, Defendant admitted to terminating Plaintiff due to his frequent absences from work.

On May 22, 2017, after a five-day trial, the jury returned a special verdict finding that: (1) Defendant had failed to make reasonable accommodations for Plaintiff based on a disability in violation of the Rehabilitation Act, and (2) Defendant had not unlawfully discriminated against Plaintiff based on disability in the form of unlawful termination. Plaintiff was awarded $53,000 for Defendant's alleged failure to accommodate Plaintiff's disability. ECF No. 55. Defendant now seeks judgment as a matter of law under Fed. R. Civ. P. 50(b), renewing its motion made at the conclusion of Plaintiff's case during the trial, that Plaintiff is not disabled under the definition of the Rehabilitation Act. The Court GRANTS the Motion for the reasons discussed below.

## DISCUSSION

### I.     Standard of Review

Under the Federal Rules of Civil Procedure 50(a), a motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. If the Court does not grant a motion made under Rule 50(a), "the Court is considered to have submitted the action to the jury subject to the Court's later deciding the legal questions raised by the motion," and the moving party may file a renewed motion for judgment as a matter of law no later than 28 days after the entry of judgment. Fed. R. Civ. P. 50(b).

The standard by which judgment as a matter of law is deemed proper mirrors the standard required for a legitimate grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). This standard is met when the moving party shows that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a). No genuine issue as to any material fact is found when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue." Fed. R. Civ. P. 50(a)(1). The Supreme Court has noted that the primary difference between summary judgment and motions for judgment as a matter of law is merely procedural. *Liberty Lobby*, 477 U.S. at 251 (quoting *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11 (1983)). Ultimately, in order to obtain judgment as a matter of law, the moving party must prove that a reasonable jury could not have found for the non-moving party based on the great weight of the evidence. *See id.* at 251.

When considering a renewed motion for judgment as a matter of law, all reasonable inferences must be drawn in favor of the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014). If the adverse party is able to show that there is indeed a genuine issue of material fact, a motion for judgment as a matter of law will not be granted. *See Liberty Lobby*, 477 U.S. at 250. Otherwise, the moving party is entitled to judgment as a matter of law if "there can be but one reasonable conclusion as to the verdict." *Id.* A plaintiff's failure to prove all the elements of a claim is grounds for judgment as a matter of law because a reasonable jury would not have a legal basis for deciding the case in the plaintiff's favor. *Id.* at 255–56.

In the instant case, Defendant argues that Plaintiff failed to establish that he is disabled within the meaning of the Rehabilitation Act based on the legal standard required in this circuit. The Court grants the Motion for the reasons discussed below.

**II.     Plaintiff is not an individual with a disability under the Rehabilitation Act.**

In order to establish a *prima facie* failure to accommodate case under the Rehabilitation Act,[2] a plaintiff must show that: (i) he or she was an individual who had a disability characterized and covered by the Rehabilitation Act, (ii) the employer had notice of his or her disability, (iii) with reasonable accommodation, he or she could perform the essential functions of the position, and (iv) the employer refused to make those reasonable accommodations. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). For an individual to qualify as disabled, an individual must: (i) have a physical or mental impairment which substantially limits a major life activity, (ii) have a record of such an impairment, or (iii) be regarded as having such an impairment. 42 U.S.C. § 12102. The Equal Employment Opportunity Commission, implementing the equal employment provisions of the Rehabilitation Act, requires that a disabled individual must be affected by his or her impairment to the extent that the impairment "substantially limits the ability… to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Major life activities include activities such as walking, standing, breathing, and working. 42 U.S.C. § 12102.

To determine if an individual has a disability when the impairment is affected by that individual's work environment, courts apply the foreclosure test. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 389 (4th Cir. 2001) (citing *Gupton v. Va.*, 14 F.3d 203, 205 (1994)). Before applying the

---

[2] The Rehabilitation Act specifically protects against exclusion from participation in, denial of the benefits of, or discrimination based on a disability under any "program or activity" which either: (i) receives federal financial assistance, or (ii) is conducted by an Executive agency or the United States Postal Service. 29 U.S.C. § 794(a). The Americans with Disabilities Act of 1990 ("ADA") expands on the Rehabilitation Act and creates a federal mandate to address and eliminate discrimination based on disabilities in State and local government. 42 U.S.C. § 12131-12132. The Rehabilitation Act applies the same standard as the ADA when determining if discrimination has occurred, and thus the same standard for establishing a *prima facie* case of failure to accommodate. *See Hooven-Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001).

foreclosure test, courts must determine whether the foreclosure test is applicable under *Rhodes*. *Id.* If it is applicable, the court then applies the foreclosure test as outlined in *Gupton v. Virginia*. 14 F.3d at 205.

> *i.  The foreclosure test applies to Plaintiff's case.*

The Fourth Circuit has adopted the "foreclosure test" to assess whether an impairment is severe enough to substantially limit an individual's ability to work. *Rhoads*, 257 F.3d at 389 (citing *Gupton*, 14 F.3d at 205). Under the Rehabilitation Act, an individual's ability to work is considered substantially limited when "an employer regards an employee as handicapped in his or her ability to work by finding the employee's impairment to foreclose generally the type of employment involved." *Forrisi v. Bowen*, 794 F.2d 931, 935 (1986). In determining if an individual's impairment forecloses generally other employment opportunities, courts will often examine "'the number and type of jobs from which the impaired individual is disqualified, the geographical area to which the individual has reasonable access, and the individual's job expectations and training.'" *Id.* at 933 (quoting *Jasany v. U.S. Postal Serv.*, 755 F.2d 1244, 1249 (6th Cir. 1985)). Thus, substantial limitation is not measured merely by an individual's inability to work in a particular position or complete a particular task, but also by the ability of the individual to find similar positions in his or her field of work. *See id.* at 935 (finding no discrimination based on disability because plaintiff's acrophobia, or fear of heights, only prevented him from continuing to work in a single job rather than preventing his ability to find work in the utility systems repair field completely); *see also Gupton*, 14 F.3d at 205 (holding that plaintiff was not protected under the Rehabilitation Act because her allergy to tobacco smoke only prevented her from working in one particular position in one office).

A plaintiff's claim must be assessed under the foreclosure test "where an ADA plaintiff asserts that she is disabled based on a substantial limitation of a major life activity other than working, but her condition is aggravated solely by her workplace environment." *Rhodes*, 257 F.3d at 389. Thus, to apply the foreclosure test to Plaintiff's case, the Court must determine whether Plaintiff (1) asserted disability on a substantial limitation of a major life activity *other* than working, and (2) has only shown that his conditions was aggravated *solely* by his workplace environment. *See id.*

In *Rhoads*, the plaintiff asserted that her substantial limitation on breathing was caused by exposure to tobacco smoke in her workplace. *Id.* at 389–90. The plaintiff could not prove that her asthma was aggravated by anything other than her workplace; in fact, her ability to breathe was not substantially limited during activities such as ballet dancing or bicycling. *Id.* at 391. The *Rhodes* court applied the foreclosure test, explaining that the proper inquiry as to whether the plaintiff was an individual with a disability under the ADA was whether the plaintiff was substantially limited in her ability to work. *Id.* at 389–91.

In the instant case, Plaintiff has alleged that his substantially limited major life activity is breathing, rather than working, due to increases in blood pressure caused by poor air quality and high temperatures in his workplace. Transcript of Record at 36:17-25 – 37:1-16.[3] Second, Plaintiff did not assert or provide evidence showing that his symptoms were aggravated anywhere other than his workplace. Plaintiff instead claims that his conditions were exacerbated by the poor air quality and "extreme" temperatures in his office caused specifically by the poor ventilation, temperature control, and non-functioning air conditioning unit in his office building. *Id.*; Transcript of Record at 14:19-25 – 15:1-3, 77:9-13; 78:7-12. Plaintiff maintained that his

---

[3] The transcripts of the record referred to here were prepared for the purpose of this opinion only and are not the final certified version.

conditions were previously managed and stable prior to his employment with Defendant. Pl.'s Compl. 3; Transcript of Record at 12:8-10. The foreclosure test therefore applies because Plaintiff alleges that his impairment substantially limits a major life activity other than working, *i.e.* breathing, and that his hypertension and other symptoms are "aggravated solely by [his] workplace environment." *Rhoads*, 257 F.3d at 390.

### *ii. Plaintiff is not "disabled" under the foreclosure test.*

In order to make the required showing that a plaintiff is disabled under the "foreclosure test," the plaintiff must show that: (1) his or her impairment made the plaintiff "incapable of satisfying the singular demands of a particular job," *and* (2) his/her impairment "foreclosed generally the opportunity to obtain the type of employment involved." *Rhoads*, 257 F.3d at 388 (citing *Gupton*, 14 F.3d at 205).

As to the first requirement, there is no evidence provided by either party showing that Plaintiff's preexisting conditions made him inherently incapable of satisfying the requirements of the safety engineering position he held during his employment with Defendant. Thus, Plaintiff fails to meet this requirement of the foreclosure test. Even if he had satisfied the first factor, Plaintiff would nevertheless fail the foreclosure test because he does not meet the requirements of the second factor. Plaintiff's hypertension and difficulty breathing does not preclude him from working in a similar capacity at a different company. Transcript of Record at 2:4-11; *see Gupton,* 14 F.3d at 205 (where plaintiff failed to show that her allergy to tobacco smoke prevented her from finding work in the highway utility specialist field). In fact, Plaintiff was able to find a similar position at a different company, following his termination by Defendant, where he has not requested accommodation for his impairment because "there is no problem with the ventilation system in the office [he] is working at now." Transcript of Record at

111:1-11.  Additionally, there are no allegations nor evidence provided by Plaintiff showing that it was *not* solely his workspace's poor ventilation or poor temperature control that aggravated his conditions.  Because Plaintiff fails this requirement of the foreclosure test, Plaintiff's impairment does not "foreclose generally [his] opportunity to obtain the type of employment involved." *Forrisi*, 794 F.2d at 935.  Instead, his impairment merely made difficult his ability work in one particular office in one particular building due to that one office's poor ventilation and lack of temperature.  No evidence was presented showing that Plaintiff suffered hypertension and difficulty breathing outside of this office, nor that this exacerbation of symptoms would be repeated in a different office building.  Ultimately Plaintiff failed to prove his hypertension and difficulty breathing met the threshold of an impairment that substantially limited working.  Thus, Plaintiff's hypertension cannot be considered to be a disability within the meaning of the Rehabilitation Act and he has no recourse under a failure to accommodate claim because his impairment does not satisfy the foreclosure test established by *Gupton*.  14 F.3d at 205.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Renewed Motion for Judgment as a Matter of Law based on Plaintiff's failure to show that he is an individual with a disability as required by the Rehabilitation Act.

July 28, 2017                                                               /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/xl/rqw